# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**THOMAS DESPART,**

    **Plaintiff,**

vs.                          Case No. 4:19cv287-RH-CAS

**FLORIDA DEPARTMENT OF
CHILDREN & FAMILIES,
DONALD SAWYER, as ADMINISTRATOR,
FLORIDA CIVIL COMMITMENT CENTER,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Mr. Despart, proceeding pro se in this action, was required to file an amended complaint on or before August 12, 2019, if there was a basis to do so. ECF No. 4. Mr. Despart objected to that Order and requested the case be reassigned to "a Non-Prejudicial Judge." ECF No. 5. He then belatedly filed a first amended complaint. ECF No. 6.

An Order was entered on October 4, 2019, denying Mr. Despart's objection and finding no basis for recusal pursuant to 28 U.S.C. § 455(b). ECF No. 8. Mr. Despart's amended civil rights complaint, ECF No. 6, was

also reviewed and, finding it insufficient as filed, he was required to file a second amended complaint. *Id.* The various deficiencies were explained, and Mr. Despart was given until November 4, 2019, to file a second amended complaint.

Instead of filing a second amended complaint, Mr. Despart submitted a "notice of judicial prejudice" to the Eleventh Circuit Court of Appeals. That Court forwarded the document to this Court because Mr. Despart did not have a pending appeal. The document was filed, ECF No. 9, but it was denied for the same reasons Mr. Despart's first such motion was denied. ECF No. 10. An Order to Show Cause was entered, providing Mr. Despart with another opportunity to show why this case should not be dismissed for failure to comply with a Court Order. *Id.* The December 12, 2019, deadline has long passed and Mr. Despart has not filed a reply, nor had he filed a second amended complaint as previously directed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua

sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Because Plaintiff has not complied with Orders of this Court and he has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 18, 2020.


     S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.